A. Brousseau & Co. *v.* Ship Hudson, Captain and Owners.

Action to recover damages for injury caused to goods by the bursting of casks containing chloride of lime. *By the Court:* Where the common carrier is unable to make good his defence upon some of the grounds which form exceptions to his liability, it is clear he must pay the loss, although not chargeable with any negligence whatsoever; and in fact, even where he has exercised every possible diligence to prevent the loss. He is also liable for a loss occasioned by an accident arising from any unseen nuisance in the course of his navigation.

As the damage in this case was not caused by superior force, (*force majeure,*) or by accident, (*cas fortuit,*) defendants are liable.

As between the shipper and the master, the legal presumption arises from the bill of lading, that the goods were in good condition, but such presumption cannot affect third persons.

Code 2725.

BROUSSEAU
v.
SHIP HUDSON.

APPEAL from the Second District Court of New Orleans, LEA, J. *Hamner & Hays*, for plaintiffs. *Wolfe & Singleton*, for defendants and appellants.

VOORHIES, J. This is an action to recover the sum of $991 84, the alleged damage of four bales of carpeting shipped at New York on board of the ship Hudson, to be delivered to the plaintiffs at New Orleans.

The fact that the alleged damage was occasioned by the bursting of four casks of chloride of lime in the hold of the vessel, appears to be conceded. The cause of the accident, it would seem, has been attributed to an excess of unslacked lime in the composition of the chloride.

A witness in the employment of the ship's husband, testified to the fact of the importation of chloride of lime for upwards of twenty years, and that the bursting of a cask had never occurred before.

The question then arises, are the defendants legally responsible for the damage ? Their liability is resisted on the ground, that they were bound, as common carriers, by the usage of the trade, to receive and stow the chloride of lime in the hold of the vessel, as other goods, for transportation; and hence the plaintiffs must be presumed to have known it, and consented to have their goods stowed with the chloride of lime. The cargo, it is urged, was well stowed, and no neglect was imputable to the defendants.

We think it is immaterial to the decision of the case, whether the alleged usage existed or not.

Under our code, common carriers are liable for the loss or damage of the things intrusted to their care, unless it be shown by them, that such loss or damage was occasioned " by accidental and uncontrollable events (*par cas for-tuit, ou force majeure*)." Art. 2725, 1 R. R. 410. The term *vis major* (superior force) is used in the civil law in the same way that the words " act of God" are used in the common law, and so also is the term *casus fortuitus*. By the act of God is meant inevitable accident or casualty. " By inevitable accident is meant any accident produced by any physical cause, which is irresistible ; such as a loss by lightning or storms, by the perils of the seas, by an inundation, or earthquake, or by sudden death or illness. By irresistible force is meant, such an interposition of human agency, as is, from its nature and power, absolutely uncontrollable." Story, Bailments, §§ 25, 489, 511. Angell, Law of Carriers, § 154. The term " by the act of God," was construed by the Superior Court of Errors and Appeals of Delaware, 4 Han. R. 448, to mean " such inevitable accident as cannot be prevented by human care, skill, or foresight; but results from natural causes, such as lightnings and tempests, floods and inundation." " To prevent litigation, the law presumes against a carrier in every case, except such as could not happen by the intervention of human means. Ang., Law of Carriers, § 154. Where the common carrier is unable to make good his defence upon some of the grounds which form exceptions to his liability, it is clear that he must pay the loss, although not chargeable with any negligence whatsoever; and, in fact, even where he has exercised every possible diligence to prevent the loss. He is also liable for a loss occasioned by an accident arising from any unseen nuisance in the course of his navigation. Story, Law of Bailments, §§ 528, 517, 518. 3 Kent's Com. (2d edition) 299. Emerigon, Insurances, 285. Hemp taking fire in a state of effervescence may be mentioned as an instance of loss which is not attributable to a *cas fortuit*.

From the principles advanced in these authorities, we think it clearly fol- <span style="float:right">BROUSSEAU<br>*v.*<br>SHIP HUDSON.</span>lows, as a natural deduction, that the damage in this case cannot be considered, in a legal sense, to have been occasioned either by superior force, *force majeure*, or by ˉaccident, *cas fortuit*. Every case, as we have seen, which might have been foreseen and avoided, is not a fortuitous one. Moreover, it is proper to remark, that there is not a tittle of evidence showing the condition of the casks, containing the chloride of lime, when stowed in the hold of the vessel. It is true, as between the shipper of the article and the master, the legal presumption arises from the bill of lading, that the goods were in good condition, but such presumption cannot affect third persons.

Judgment affirmed, with costs.