### SHIP RAPPAHANNOCK *v.* JOHN O. WOODRUFF & CO.

Where hay was shipped, according to the bill of lading, in good order and condition, and on its delivery, at the place of destination, was damaged, it is incumbent on the owners of the vessel, to show that the damage was not caused by bad stowage or want of care.

C. C. 3.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Durant & Hornor,* for plaintiffs. *Wolfe & Singleton,* for defendants and appellants.

VOORHIES, J. The plaintiffs seek to recover the sum of $633 21, for freight and primage on 1500 bales of hay, carried by the ship Rappahannock.

The defendants set up a demand, in reconvention, alleging that the hay was shipped in good order and condition; that whilst in the custody of the plaintiffs, 522 bales of it, weighing 142,750 pounds, were stained and injured to the extent of $7 per ton, and 24 bales, weighing 6330 pounds, were damaged to to the extent of $14 per ton, making an aggregate of $543 93, which damage was caused by the negligence and carelessness of the plaintiffs, who are consequently responsible, *in solido,* therefor.

The hay, according to the bill of lading, was shipped in good order and condition. On its delivery at the place of destination, the evidence shows that a part of it was damaged. Under the circumstances, it was incumbent on the plaintiffs to show that the damage was not caused by bad stowage or want of care. However, we consider the evidence entirely too loose and vague to enable us to ascertain with sufficient certainty the extent or amount of the damage which the appellants have sustained.

But it is insisted by the appellants, that damages in regard to such cargoes are regulated by the custom in this city, as established by merchants, by classing all hay as stained when the damage it has received does not amount to 25 per cent., and as damaged whenever the damage exceeds that amount.

A classification of the damaged hay in this case was made under the alleged custom, and the appellants rely on it in support of their claim. The estimate thus made of the damage to the hay appears to us to be altogether conjectural and arbitrary, even supposing such a custom to prevail. The witness who made it says: "Stained hay is one-fourth off, and damaged or cropped one-half. This is the usual custom between buyer and seller. No difference is made upon stained hay if damaged 5 per cent. or 25 cent.; it is all stamped as stained hay." We do not think there is sufficient proof of such a custom. Admitting that it prevails between buyer and seller, it would be extremely doubtful whether it could have any binding force upon the plaintiffs, or others not parties to it. C. C. Art. 3; 7 L. R. 524; 11 ibid, 523; 4 R. R. 381.

We do not think the court below erred in giving judgment against the appellants as in case of non-suit.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.