STEAMER JEAN WEBRE *v.* H. KENDALL CARTER & CO.

It is not for the carrier to render it probable that the injury to freight was occasioned by one of the natural dangers incident to the navigation. It is incumbent upon him to show that he has used diligence and proper skill to avoid the accident, and that it was unavoidable.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
*Coxe & Breaux,* for plaintiff. *Steele, Hamner & Hays,* for defendants and appellants.

MERRICK, C. J. This suit is brought to recover $1092 freight and charges on the transportation of 157 bales of cotton from Alexandria, in this State, to this city, in the month of July, 1855, the freight being at the extraordinary rate of six dollars per bale.

The claim is resisted by the defendants as to $611 35, on the ground that the eighty-one bales of cotton were delivered in a damaged and unmerchantable condition.

The District Judge was of the opinion that the cotton was damaged before it was received by the plaintiff, and that the larger portion of the loss to the planter was occasioned by the factors adhering to what he calls the unjust rule adopted by the pickeries of this city.

The bills of lading affirm the cotton to have been in good order and condition when received, and the obligation assumed by the plaintiff was to deliver the same in like good order and condition at New Orleans, (the dangers of the river and fire only excepted,) the privilage of lighterage and stowage in flats and barges being also reserved to the plaintiff.

The testimony is insufficient in our opinion to rebut the acknowledgment contained in the bill of lading, that the cotton was received on board in good condition.

From the admissions of the master of the boat, and the testimony of plaintiff's witnesses, there can be but little doubt that the cotton was damaged while being transported by the plaintiff. The flat-boat on which it was stowed struck something which occasioned a leak, and thirty-two bales were landed upon the beach, covered with tarpaulins and left in charge of a watch, and the residue brought to the city. That which was landed and left in charge of a watch, was brought to the city in about two weeks afterwards.

It is not sufficient for the plaintiff to render it probable that the injury to the cotton was occasioned by one of the natural damages incident to river navigation; to relieve himself from responsibility, it was incumbent on him to prove that he used due diligence and proper skill to avoid the accident, and that it was unavoidable. Angell on Carriers, sec. 168; *Bond* v. *Frost*, 6 An. 801; same case, 8 An. 297.

It is objected, that the mode adopted to ascertain the damage done was illegal, oppressive and unjust; that, as the damaged cotton is left with the owner of the pickery, there is every inducement to find and appropriate the largest possible amount of damaged cotton. This subject was considered in the 8 An. 297. The custom of merchants in this city of sending cotton to the pickeries is again proven. It is also shown that the damaged cotton is allowed as a partial compensation. The custom is certainly objectionable, but so long as it is generally adopted and no better mode can be pointed out, we are not prepared to say that the party sending damaged cotton to a pickery shall not be entitled to recover for such damage as he has really sustained. Much is entrusted to the owner of the pickery, but it is the same with the cotton factor and many other agents. In this case, the owner of the pickery was placed on the stand as a witness, and the plaintiff could have had the benefit of a cross examination, had it been desirable to ascertain whether there had been a breach of the confidence reposed in him.

We do not think the delivery of the cotton without objection a bar to the defendants' right to claim a deduction for the damage done, it having been discovered after the delivery. *Oakey* v. *Russell*, 6 N. S. 60.

The damages claimed appear to be proven to the amount stated in defendants' brief, viz, $545 60, which should be allowed as a deduction upon the plaintiff's demand.

WEBRE
v.
CARTER.

The tender was not made in such a form and amount as to relieve the defendants from the payment of costs.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court in this case be avoided and reversed, and now, pronouncing such judgment as ought to have been rendered, it is ordered, adjudged and decreed, that the plaintiff do have and recover judgment against the defendants for the sum of five hundred and forty-seven dollars and forty cents, with five per cent. interest thereon from the first day of September, 1855, until paid, the defendants' reconventional demand having been consumed in reducing the plaintiff's demand to the amount herein awarded; and it is further ordered, that the plaintiff and appellee pay the costs of the appeal and the defendants the costs of the lower court.