No. 651.—FRANCIS P. PITRE, Senior, et al. v. WILLIAM OFFUTT and  others.

A steamboat engaged in carrying cattle and other live stock from different ports of the country to New Orleans for market, is responsible for the loss of the cattle while on board, when it has occurred through carelessness or negligence.

It is no defense in case of loss while the stock is on board, for the boat to show a custom to the effect that they took no risk in case of losses of this kind. To make the defense good that such a custom prevailed, it must be shown that the shipper had full knowledge of the custom at the time of shipment, and that he delivered the stock on board with reference to the custom.

APPEAL from the District Court, parish of St. Landry. *Bailey*, J. Moore & Morgan, for plaintiffs and appellees, *Dupre & Garland*, for defendants and appellants.

TALIAFERRO, J. This is an action brought by the plaintiffs against the defendant and others, owners of the steamer "Aline," for the value of eighty-seven calves shipped by them on the steamer destined to New Orleans, and which they allege the defendants failed to deliver according to their agreement. They claim eight hundred and seventy dollars, the value of the stock and interest on the amount claimed.

The answer is a general denial of the plaintiffs' allegations. Judg-ment was rendered in favor of the plaintiffs for five hundred and twenty-two dollars with legal interest from judicial demand.

The defendants have appealed.

The facts seem to be that the cattle were shipped on the steamer at or near the town of Washington on the Courtableau, and that finding great difficulty at the low stage of water then existing to pass bars and other obstructions at a lower portion of the bayou called "Little Devil," the cattle were turned off the boat to lighten her. The country around for a considerable distance being low, marshy and uninhabited

the cattle wandered off without any effort being made by the managers of the boat to have them taken care of.

It is shown that it is not usual for boats to give bills of lading for freight of this kind; it appears that boats were in the habit generally of transporting beef cattle to New Orleans on this route, and that the plaintiffs' lot of calves was taken on board the Aline for the purpose of being carried to that market. A witness, formerly a clerk on board the steamer, testifies that the steamers "Aline" and "Peiret" "never gave receipts for stock and never were responsible for the lives of stock shipped thereon."

This he states further "is a well understood regulation followed by all steamboats in the cattle trade," and adds that he is sure the boats named never made an exception.

This is the only witness who mentions such a usage as the one he spoke of, and we are unable to find that a knowledge of the existence of such a regulation, even if available for the defendants, was brought home to the plaintiffs.

The officers in charge of the steamer received the stock on board with full knowledge of the impediments in the way of navigation, and of the vexations which the "Little Devil" had in store for them. We see nothing in the defense which will justify an exemption of the defendants from the responsibilities of common carriers.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs. 10 An. 413; 11 An. 43, 427; 12 An. 783.