No. 2392.—D. KELHAM & CO. *v.* STEAMSHIP KENSINGTON, MASTER AND OWNERS.

In this case the vessel cleared at the port of Boston for the port of New Orleans, with a cargo for the latter place. While on her voyage she encountered a storm at sea, by which a portion of her cargo was damaged. The consignee at New Orleans brought suit against the vessel for the damage done to a lot of furniture on board. Held—That it being shown by the bill of lading that any damage done to the cargo, or any portion thereof, from accident of machinery, boilers, or dangers of the seas of any kind, were excepted, and the damage in this case was caused by a storm at sea, that it was therefore incumbent on the plaintiffs to show affirmatively, to enable them to recover, that the damage was caused by the fault or negligence of the carriers.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. C. E. Schmidt* and *A. & M. Voorhies,* for plaintiffs and appellees. *Randolph, Singleton & Browne,* for defendants and appellants.

HOWELL, J. This is an action to recover $703, alleged to be the amount of damage to certain articles of furniture shipped, as per two bills of lading, on the steamship Kensington from Boston to New Orleans, in April, 1866. The plaintiffs asked for a writ of sequestration against said vessel; that the master and owners thereof be cited, and judgment against them *in solido,* with interest, costs and privilege, be rendered.

The defense is, first, a general denial; second, an allegation that the damage, if any, was produced by causes for which they were not responsible; and, third, a peremptory exception that the contract sued on is an admiralty one, and the action a proceeding *in rem,* of which the State courts have no jurisdiction.

Kelham & Co. v. Steamship Kensington, Master and Owners.

From a verdict and judgment in favor of plaintiffs for $500, defendants have appealed. Plaintiffs ask an amendment of the judgment for the full amount claimed.

Citation, addressed "to the steamship Kensington, master and owners," was served personally on M. S. Hedge, master; defendants came into court and answered the petition, and proof was admitted without objection that "the Merchants' Boston and New Orleans Steamship Company," an incorporated joint stock company, were the owners.

Under these pleadings and facts, and the authority of the case of Southern Dry Dock Company v. Steamboat J. D. Perry, Captain A. Baird and owners, 23 An. 39, the personal action against the master and owners is maintained, but not the enforcement of the privilege, as it is a maritime line, which, it is now well established, can not be created by a State.

From the evidence we are satisfied that the damage to plaintiffs' property was caused directly by the escape of steam into the hold of the vessel, through a pipe constructed and used to extinguish fire, and the question is whether this was one of the dangers excepted, and if so, were the defendants in fault?

The two bills of lading, taken together (as we must do under the pleadings and evidence in this case), exempted the defendants from all damage from accidents of machinery, boilers, steam or dangers of the seas of any kind. It is shown that the vessel, when she left Boston on the trip in question, was seaworthy; that on the second or third day out she encountered heavy weather, during which a portion of the machinery got out of order, and while it was being repaired, the engines being at the time stopped, the storm increased in violence, and the rolling of the vessel caused one of the timbers to spring and press upon the wheel connected with the valve of the pipe used to conduct steam into the hold of the vessel, thus opening the valve and letting the steam through into the part of the vessel where plaintiffs' goods were stowed, and were thereby damaged. The witnesses most familiar with this arrangement of the vessel, testify that the said valve and pipe were placed in this ship in the usual manner, and that prior to this accident they would not have objected to its position, nor anticipated the effects produced in this instance. Since the accident they suggest, very naturally, how it may not again occur from the same cause. But we infer from all the evidence that no negligence is justly imputable to the defendants in the putting of the pipe and valve in the position in which they were, in the accident to the feed-pump during the storm which necessitated the stopping of the engine, or in the rolling and straining of the vessel during the greatest violence of the storm, by which the valve of the steam pipe was opened and the

steam admitted to the hold of the vessel, which caused the damage complained of.

It being shown that the damage resulted from causes within the exceptions, it was incumbent on plaintiffs to show that the negligence of defendants contributed to the loss, which has not been done. 10 W. 176; 12 How. 272, 352; 17 An. 9; 23 An. 584.

This view of the case renders an examination of the bills of exception taken by defendants unnecessary.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, with costs in both courts.

Rehearing refused.