(81 South. 883)

No. 21403.

HYMAN HILLER & CO., Limited, v. NEW ORLEANS, M. & C. R. CO.

(May 5, 1919.)

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Hyman Hiller & Co., Limited, against the New Orleans, Mobile & Chicago Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

J. N. Flowers, of Jackson, Miss., J. C. Rich, of Chicago, Ill., and Dufour & Dufour and H. Generes Dufour, all of New Orleans, for appellant.

Farrar, Jonas, Goldsborough & Goldberg and Merrick, Gensler & Schwarz, all of New Orleans, for appellee.

PROVOSTY, J. For the reasons assigned in the case of E. Borneman & Co. v. Same Defendant, 81 South. 882, ante, p. 150, this day decided.

The judgment appealed from is set aside, and the suit of plaintiffs is dismissed, at the cost of plaintiffs.

———————

(81 South. 884)

No. 21916.

REYNOLDS v. REISS et al.

(May 9, 1916. On the Merits, March 31, 1919. Rehearing Denied May 5, 1919.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬅14(1), 365(1)—JURISDICTION — NULLITY — SECOND ORDER OF APPEAL.

An order of appeal to a court without jurisdiction is a nullity; and, where the appeal has not been completed by the giving of bond, a second order of appeal, granted within time, to the proper court, is valid.

On the Merits.

*(Additional Syllabus by Editorial Staff.)*

2. TROVER AND CONVERSION ⬅32(1)—PLEADING—SUFFICIENCY.

Petition alleging that defendants on a certain day took possession of plaintiff's switch track, against his protest, and were still using it at the time of the trial, to plaintiff's damage in the cost of laying out the switch, stated an action in trover.

3. TROVER AND CONVERSION ⬅13—REMEDY —RECOVERY OF PROPERTY AND DAMAGE.

One whose property is unlawfully taken may sue for its recovery, together with rent which he may have incurred through deprivation of its use while in defendant's possession.

4. TROVER AND CONVERSION ⬅44—MEASURE OF DAMAGES.

In a suit to recover property unlawfully taken from plaintiff's possession and incurred from rent being deprived of its use, the measure of damages is the value of the use of the property during defendant's possession.

5. TROVER AND CONVERSION ⬅53—ACTION FOR DAMAGES—INTEREST.

One whose property is unlawfully taken without asserting any claim to its return may demand as damages the value of his property, together with interest thereon from the date of the alleged conversion.

6. LIMITATION OF ACTIONS ⬅30, 55(5)—CONVERSION.

Where plaintiff's switch track was unlawfully taken by defendants, plaintiff's claim for damages from a conversion began to run on the day it was taken, and where that date was more than one year from the date of suit, the claim was barred by Civ. Code, arts. 3536, 3537.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Hampton Reynolds against John Reiss and the New Orleans Terminal Company. Defendants' plea of prescription sustained, and plaintiff appeals. Motion to dismiss appeal denied, and judgment affirmed.

Terriberry, Rice & Young, of New Orleans, for appellant Hampton Reynolds.

Frank Wm. Hart, of New Orleans, for appellee John Reiss.

Hall, Monroe & Lemann, of New Orleans, for appellee New Orleans Terminal Co.

On Motion to Dismiss Appeal.

SOMMERVILLE, J. [1] March 15, 1916, plaintiff obtained an order for a devolutive