No. 3296

Second Circuit

---

GRIGGS v. TREMONT & GULF RY. CO.

---

(June 28, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 132, 135.**
The railway company defendant carries the burden of proof to show that damage to a shipment was due to accidental and uncontrollable events.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 132.**
Carrier will not be held liable for damages to a shipment of animals where such damage was caused by negligence of caretaker furnished by shipper.

Appeal from the Eighth Judicial District Court, Parish of Winn. Hon. F. E. Jones, Judge.

Action by C. T. Griggs against Tremont and Gulf Railway Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Moss and Moss, of Winnfield, attorneys for plaintiff, appellee.

R. W. Oglesby, of Winnfield, and Theus, Grisham and Davis, of Monroe, attorneys for defendant, appellant.

WEBB, J. The plaintiff, C. T. Griggs, brought this action against the defendant, Tremont & Gulf Railway Company, to recover damages to a shipment of household effects and live stock and for delay in transporting same.

The shipment was made from Mix, Louisiana, to Chatman, Louisiana, being routed over the lines of the New Orleans, Texas & Mexico, Missouri Pacific, Louisiana & Arkansas and Tremont & Gulf railroad companies, under a through bill of lading issued by the New Orleans, Texas & Mexico Railway Company, the initial carrier, and a keeper or care-taker furnished by the plaintiff was permitted to accompany the shipment, to take care of, water and feed the stock.

The damages claimed were for breakage of some of the household effects, and injuries to the stock, bruises, etc., and depreciation from lack of care and attention and delay in transportation, and for expenses incurred while waiting for the shipment to arrive.

The trial court allowed the claim for breakage of household effects and for injuries to the animals, bruises, etc., and otherwise rejected the plaintiff's demands.

The defendant appealed, and plaintiff has answered the appeal, praying that the judgment be amended and the amount originally demanded be allowed.

The only ground which appellant urges for the reversal of the judgment is that a care-taker was permitted to accompany the shipment, and that the burden of proof was thus placed upon plaintiff to show that the carrier was negligent. However, the bill of lading does not contain any stipulation that the care-taker was permitted to accompany the shipment on any such condition. In fact the bill of lading does not mention the circumstance of the care-taker being permitted to accompany the shipment, nor is there any stipulation of non-liability for improper loading or packing, or proof that plaintiff loaded the shipment, and the only evidence in the record is that the care-taker was permitted to accompany the shipment for the purpose of caring for the animals, and there is not any evidence indicating that the damages allowed could have resulted from any want of attention or negligence on the part of the care-taker.

The defendant carried the burden of proof, to show that the damage was due to accidental and uncontrollable events (Art. 2754, C. C.; Lehman, Stern & Co. vs. M. L. & T. R. R. & S. S. Co., 115 La. 1, 38 So. 873), and evidence that the train was not improperly handled would not show that the damage was due to accidental or uncontrollable events, as the damage may have resulted from improper loading or packing, for which defendant would not be relieved of liability in the absence of a stipulation in the contract.

The other damage claimed by plaintiff, that is, for injury to the animals from lack of attention and delay in transportation, and expenses incurred by plaintiff from the delay, stands upon a different footing. The evidence shows that the delay complained of was due to the fact that defendant did not operate trains on Sunday (the day on which the shipment was delivered to it by the connecting carrier), which fact was shown by the schedule and published tariff of defendant, of which plaintiff must be held to have had notice, and any injury to the animals from lack of attention was due to the fault and negligence of the care-taker, of which the defendant did not have any knowledge, and the court properly refused to allow for any damages resulting from delays, of which plaintiff had knowledge would necessarily occur, or from the neglect of the care-taker selected by plaintiff, in feeding or watering the animals, of which the defendant did not have knowledge.

The judgment is affirmed.