No. 2878

Second Circuit

RAPHIEL v. AMERICAN RAILWAY EXPRESS CO.

(March 12, 1929. Opinion and Decree.)
(April 5, 1929. Rehearing Refused.)

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

W. Peyton Cunningham, of Natchitoches, and Pugh, Grimmett and Boatner, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff brings this suit against the defendant, American Railway Express Company, to recover the value of a diamond ring which it is alleged was delivered to defendant to be shipped to George T. Brodnax, Incorporated, of Memphis, Tenn. In order that the issue involved may be understood, it is necessary to refer at length to the pleadings.

The plaintiff alleged that on June 19, 1925, she delivered to the agent of the said express company, at Campti, La., two diamond rings of the value of $430, paying the value and express charges as required, and that she received a receipt from the agent. She further alleged that at the time the two rings were delivered to the express company, the regular agent, Mr. Attaya, was absent from the station on account of illness, but that his place as agent was being filled by a man named Perry, who received the package from her son, H. L. Raphiel, and that the two together securely wrapped and tied it; but that the package, upon being delivered to the said Perry, was not sealed by him in the presence of her son. She further alleged that when the package was delivered by the express company to the consignee in Memphis, the large diamond ring, valued at $400, was missing.

The defendant in answer admitted that plaintiff delivered to its agent at Campti a package on June 19, 1925, for transportation to the consignee, and that a receipt for the package was duly issued; "but respondent specifically denies that the package contained the two diamond rings as alleged in Article 3, respondent believing, and so believing, alleging, that the package did not contain the large diamond ring hereinafter referred to."

In Article 4 of its answer, the defendant recited at great length and in detail the circumstances under which the package was delivered to its agent, Perry, the substance of which is to the effect that when Mrs. Raphiel's son brought the package to its office, its agent, Mr. Perry, gave to him twine and wrapping paper with which to wrap and tie the package, and that the package was wrapped and tied by Raphiel himself; that the agent in the meantime wrote out a receipt for the package and that before the agent had a chance to seal it, he was called out of the main office to another part of the joint station, but, before going out, he placed the package in the ticket box of the office and locked it, the same being done in the presence of Raphiel and Claude Cochran; that upon the return of the agent, which occurred within a few minutes, the said agent duly sealed the package and placed on each seal the impression of the agency seal; that the sealing, as aforesaid, was done in the presence of Mr. Cochran and that the package, as wrapped by Mr. Raphiel and sealed by the agent, was duly forwarded to the consignee without either strings or seals being broken; that the package was taken to the residence of the regular agent, Attaya, for safekeeping and that he retained it during the night, and that it was shipped on the following day, and that when the package arrived in Memphis, the wrappings and seals were undisturbed.

In answer to paragraph 5 of plaintiff's petition, in which it is alleged that one of the rings was not in the package when received by the consignee, defendant neither admits nor denies that the ring was missing; "but alleges that, if the said ring was missing when the package arrived in the hands of the consignee, that the same never was in the package at all, such being the belief of respondent and therefore being alleged as fact."

The trial in the lower court resulted in a judgment in favor of plaintiff for the value of the ring; and defendant has appealed.

## OPINION

The testimony is clear that the large diamond ring which plaintiff alleges was delivered to the express company for shipment to George T. Brodnax, Incorporated, at Memphis, was not in the package when it was received by said consignee. In its answer, defendant does not deny that the large ring was missing from the package when it was delivered. But it specifically denies that the said ring was in the package when it was delivered to its agent at Campti, La.; and, as we appreciate the pleadings, the question as to whether the said ring was in the package when it was received, is the only issue involved.

When the package was delivered to the agent, he issued the company's receipt, which showed the value of the package to be $400, which valuation was made by Mrs. Raphiel's son. He testified that he informed the agent that the package contained two diamond rings. However, the agent denies that. It cannot be disputed that defendant's agent was informed that the value of the contents of the package

was $400. It is not contended by defendant that Mrs. Raphiel, through her son, made any false or fraudulent representations to the agent, nor is it contended that Perry, who received the package for the defendant company, was not fully authorized to issue a receipt.

Insofar as a receipt or bill of lading for goods delivered to a carrier for transportation involves a contract for carriage, its contents cannot be varied by parol testimony. But its contents, insofar as it involves the quantity or value of the goods received, may be contradicted by parol evidence showing a less quantity to have been delivered, and likewise that the goods were of less value than that declared by the shipper. This is the general rule to which there are some exceptions that do not apply in this case. It was, therefore, permissible for the defendant in this case to show, if it could, that the package did not contain two diamond rings and that its contents were of less value than that placed by the shipper.

But, having accepted the package as presented without an investigation as to its contents, and having accepted the shipper's valuation and issued its receipt as it did, the burden was upon defendant to show that as a matter of fact the package did not contain articles worth $400.

The issuance of the express receipt by defendant was an acknowledgment that it had received property worth $400. The production of the receipt by the shipper made out a prima facie case, the presumption being that articles of that value had been received. The rules relating to bills of lading, insofar as they may be considered receipts for goods, apply to express receipts.

"It is nowhere questioned that a bill-of-lading is prima facie evidence of the re- ceipt of goods by the carrier. And this is true, although a statute forbids the issuance of bills-of-lading, except for goods actually in the carrier's possession. But such recitals are not conclusive and it may be shown by parol evidence that none of the goods, or only a part of the goods described in the bill-of-lading, were in fact received. * * * Nevertheless, the recitals of the bill-of-lading as to the receipt of the goods place the burden on the carrier to show the contrary and, in the absence of convincing testimony establishing mistake, they must control."

10 C. J. Sec. 262, p. 199.

As between the parties, the bill-of-lading is prima facie evidence that the goods were received.

Kirkman et al. vs. Bowman, 8 Rob. 246; Flower vs. Downs, 12 Rob. 101.

Where a carrier issues a bill of lading for goods, reciting that they are in good condition, such recital makes a prima facie case against it as to their condition, and, in case the goods are delivered to a consignee in a damaged condition, the burden is upon the carrier to show that the damage was not due to its fault or negligence.

Calhoun vs. American Ry. Express Co., 3 La. App. 628; Kimball & Lilly vs. Brander et al., 6 La. 711; Wm. Bond vs. S. W. Frost et al., 6 La. Ann. 801; Webre vs. Carter & Co., 12 La. Ann. 446; Ship Rappahannock vs. Woodruff & Co., 11 La. Ann. 698; Lehman, Stern & Co. vs. Morgan's La. & Tex. R. R. & S. S. Co., 115 La. 1, 38 So. 873, 70 L. R. A. 562, 112 Am. St. Rep. 259, 5 Ann. Cas. 818; National Rice Milling Co. vs. N. O. & N. E. R. Co. et al., 132 La. 615, 61 So. 708, Ann. Cas. 1914D, 1099.

Applying these rules to the case at bar, we find that defendant has failed to discharge the burden laid upon it to disprove the recitals of its receipt.

Counsel argue that from the fact that package left Campti sealed and arrived in Memphis with the seals unbroken, the conclusion is inevitable that the ring was not lost in transit. No fault can be found with that reasoning. But that is not sufficient to relieve defendant of liability. It acknowledged the receipt of a package with its contents valued at $400. It must account for the contents of that package and the value of same unless it can show that, as a matter of fact, the package contained no such contents when received. This it failed to do.

On the contrary, Mrs. Raphiel, the plaintiff, swore positively that she placed two rings in a small box and wrapped it; that she put the small box in a larger one and handed it to her son at her home and that the son saw her place both rings in the package. Her son corroborated her on that point. The son then took the package to the express office where, without removing any of the contents, he securely wrapped and tied it. Thus, wrapped and tied, he delivered it to the agent and took his receipt therefor.

Counsel suggest that the ring may have fallen out of the box before it was delivered to the agent. That does not seem probable because both rings, according to her testimony and that of her son, were put into the small box together and the small box placed in a larger one and secured by rubber bands. The small box, with one of the rings within, was in the larger box when it was received by the consignee. Both rings were wrapped together. We cannot imagine how the valuable ring could have fallen out of the box, leaving the other one.

The express agent, we think, was careless in handling the package. He was informed that it contained valuables. Without sealing the package, he placed it in an ordinary wooden ticket case, left the office and remained for some time. When he returned, he took the package from the ticket case and sealed it. It remained in the office all day and that night was carried by him to the residence of the regular agent where it remained until train time the following day. Whether the package was kept under lock and key all the while is not shown, except the agent says the ticket case in which he placed it before he left the office and before he sealed it, was locked.

We do not pretend to offer any explanation as to how the ring got out of the package nor does anyone else. But the fact remains that the ring was lost.

Under the circumstances, it was the duty of the defendant to account for its loss, and its failure to do so renders it liable for the value thereof. Counsel for defendant in brief say there is no proof of the value of the ring lost. Plaintiff specifically alleged that her two rings were worth $400, and this allegation was not denied by defendant in answer. The testimony shows that the ring containing the smaller diamonds which was received by the consignee was worth approximately $30. The ring lost was set with seven small diamonds weighing a fraction more than one and one-half carat. The correspondence in the record shows that the diamonds lost have a present value of approximately $400. The valuation stated in the correspondence is based upon hearsay, but it is in the record without objection. The testimony convinces us, as it did the District Judge, that the diamonds lost were worth as much as claimed by plaintiff.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both courts.