15   103
48   398

## W. P. Roberts *v.* John Riley.

The common carrier may restrict his liability by express special contract.

It is not necessary that the contract of affreightment should be in writing, and parol evidence of any special agreement is, therefore, admissible.

A common carrier is, notwithstanding a special agreement, liable for the carelessness or unskillfulness of his crew. The injury being proved, the burden of proof is on the carrier to show that it was caused by *accident* or *vis major*, or where the shipper has, by contract, undertaken the exclusive management of the things shipped during the voyage, then it must be shown that the injury has occurred by the fault of the shipper or his servants.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*

*J. A. Rosier,* for plaintiff.   *J. McConnell,* for defendant and appellant.

BUCHANAN, J.   The plaintiff sues for damages occasioned to horses shipped on board the defendant's steamboat at Trenton, La., and carried to New Orleans for him.   He alleges, that the horses were injured in getting them aboard and ashore, through the fault of defendant, a common carrier, and his servants.

The defendant, besides the general issue; specially pleads that the agreement between plaintiff and defendant was, that the horses were to be under the exclusive management and control of plaintiff during the voyage; that plaintiff accompanied the horses to New Orleans; and that the damage complained of, was owing to the fault of plaintiff, who attempted to move one of the horses ashore, without paying the freight bill, and in so doing, injured the horse.

Two witnesses, the second Clerk and the Pilot of the boat, were offered by defendant, to prove the special agreement limiting his obligations as common carrier, alleged in the answer.   The admissibility of evidence for such a purpose, was objected to by plaintiff; and the objection being overruled, a bill of exceptions was reserved.

The American authorities maintain the right of the carrier to restrict his liability by express special contract.   Flanders on Shipping, sec. 461; Angell on Carriers, sec. 220, sec. 59 and notes; 6 Howard 382.

The contract between the parties was not reduced to writing.   It is certainly much more desirable that a bill of lading should be drawn, especially when a modification of the ordinary obligations of the carrier is stipulated.   But there is no law which requires the contract of affreightment to be in writing.   Therefore, the objection made by plaintiff to the introduction of parol proof of the special agreement, is overruled.   It would be otherwise, were there a bill of lading in the record.

The evidence shows, that the horses were under the care of the plaintiff during the voyage.   But they were certainly brought on board by the crew of the boat; and the testimony (which is contradictory) leaves it in doubt whether they were not also taken ashore, by the crew.   The pleadings of defendant admit (what could not indeed be denied) that the defendant, notwithstanding the special agreement proved, is liable for the carelessness and unskillfulness of the crew.

The injury to the animals being proved, the burden of proof was on the carrier, to show that the injury was caused by accident or *vis major*, (C. C. 2725,) or in the peculiar case now presented, by the fault of the plaintiff or his servants.

As the evidence on this point of the witnesses of plaintiff and defendant conflicts very essentially, and as those of defendant stood in a relation to the party affirming them, which is not occupied by the witnesses of the plaintiff, we are unable to say that the District Judge erred in the conclusion at which he arrived, that defendant had failed to exonerate himself from liability for the injuries sustained by the plaintiff's horses. *Bond* v. *Frost,* 8 An. 300.

As to the amount of the damage, we think the judgment of the District Court has done justice.

Judgment affirmed, with costs.