## No. 12,307.

### LOUIS N. SCHOENFELD VS. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

The decision in this case turns on an issue of fact whether the defendant was negligent in the transportation of plaintiff's horses; the court holds there was no negligence.

APPEAL from the Civil District Court for the Parish of Orleans. *Righter*, J.

*Joseph N. Wolfson (Dinkelspiel & Hart,* of Counsel) for Plaintiff, Appellant.

*Denègre, Blair & Denègre* for Defendant, Appellee.

Argued and submitted February 6, 1897.
Opinion handed down January 15, 1897.
Rehearing refused March 15, 1897.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues for damages on an alleged breach of a contract of defendant to convey thirteen race horses of plaintiff from Louisville to this city. The petition avers that by the negligence of defendant the horses reached here sick, that two died in consequence, and the others were so disabled as to be of no use. The petition claims ten thousand dollars for the two that died and five thousand for the expenses for veterinary surgeons, medicines and cure for the others. The defence denies the negligence charged,

and sets up a contract limiting the damages in the event there is any liability to plaintiff.

We find no occasion to deal with the defence based on defendant's contract, determining the damages, in the event of liability, as our conclusion is controlled by the view we take of the other defence.

A careful examination of the record in this case, in our view, does not exhibit any basis to charge the defendants. There were interruptions of the train in its course by which the transportation was delayed. The plaintiff in his testimony states that in making the contract four days was contemplated as the probable time required to reach here. The train left Tuesday and reached here Sunday morning. During the transportation the horses were in the car provided with the requisite arrangement for safe conveyance, in care, too, of defendant's agents and there is no suggestion of want of care or deficient accommodation. We can not attribute the sickness they developed to the detention, such as it was, on the trip. There was a collision a few miles from the city by which some of the horses were thrown down in the car. But as we read the record the horses sustained no bruises. The car itself sustained no injury except a hole above the horses. After the collision no complaint was made, apt to be the case if the horses had been injured. Other horses on the train exposed to the collision were uninjured. From the inception to the end of the transportation we can find no cause for the sickness of the others or death of two horses. One of the witnesses speaks of a lump in the throat of one of the horses, but we are unable to connect that trouble with the collision or with anything else on the car. Pneumonia is the malady the veterinary surgeon assigns as the cause of the death of the two that died. But even the expert testimony that pneumonia may be caused by confinement and impure air is hardly a basis on which we can rest any conclusion. The confinement was not much longer than that required, there is no complaint against the ventilating arrangement, and no reason to suppose any want of care expected and doubtless given by defendant's agents traveling with the horses. On this question of fact, we are constrained to hold that there is no liability of defendant established, and of this opinion was the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.