LAND, J.
The plaintiffs sued the defendant to recover $235, the value of a certain mule, one of 25 shipped by car load from East St. Louis to New Orleans. The mules- were delivered to the Mobile & Ohio Railroad for transportation to Meridian, Miss., hence to -be delivered to the defendant company for transportation to New Orleans.
The petition alleges that, by gross negligence and lack of care on the part of defendant company in handling the said car between Meridian and New Orleans, the mule in question was jammed, mashed, and injured so that it reached New Orleans bleeding from the lungs and died shortly after being unloaded. The petition charges that the waiver in the bill of lading of the right to claim more than $100 for any mule which might be killed, and the further waiver as to damages, was made by the plaintiffs, without consideration, because the rate of $100 per car paid by them was not a reduced rate, as stated in the waiver, but the regular live stock rate.
The defendant for answer pleaded the general issue.
There was judgment in the district court in favor of the plaintiffs for the sum of $100, and this judgment was affirmed by the Court of Appeal, one of the three judges dissenting. Whereupon the defendant company applied to this court for a writ of review, which was granted.
The Court of Appeal held that the doctrine announced by this court in Lehman, Stern & Co. v. Morgan’s Louisiana & Texas R. R. & S. S. Co., 115 La. 1, 38 South. 873, 70 L. R. A. 502, 112 Am. St. Rep. 259, applied to live freight as well as dead freight, and that, as the defendant company had failed to prove the precise cause of the loss or damage, it could not' be held that the same was caused by “accidental and uncontrollable events.” Rev. Civ. Code, art. 2754.
In order to show the facts found by the Court of Appeal and the precise issues decided by the tribunal we. make the following extract from the opinion, to wit :
“The facts, sufficient 'for this inquiry, are: That plaintiffs shipped a car load of mules from East St. Louis, consigned to themselves at New Orleans, under through bill of lading over the Mobile & Ohio Railroad .to Meridian, Miss., thence to New Orleans by the defendant road, which was the delivering carrier. The mules, ‘25 in number,’ were delivered at East St. Louis to the initial carrier in good order, and apparently in like condition at Meridian to defendant’s road; at least, there is no' evidence that they were not so received by the defendant company. That 24 of the mules were delivered by the last carrier, the defendant company, to th£ consignees at destination in good order; but another one of the lot was so badly injured that plaintiffs were unable to convey it more than a few blocks from defendant’s stock pen, wherd the mules were delivered, and that as a result of the injury the mule died the very night of its arrival at destination.
“Whilst it is conclusively established to our satisfaction that the mule was injured whilst in transit, and probably, as it is certified tó¡ recently injured, and that it died as a result of that injury, no one assigns any particular causq or origin of the injury.
“The answer of the defendant is simply a general denial, and its evidence was confined to establishing the fact that it was prudent and careful in the operation of its train and that the same was not roughly handled.
“That ordinary care and attention usually given by diligent men on like occasions was given by the defendant company in operating and running of its trains is established; but is this sufficient to relieve it of liability?”
The Court of Appeal held that the doctrine of the Lehman-Stern Case, supra, applied not only to dead freight, such as cotton, but to live' freight, such as mules, and that, as the defendant company had failed to prove the precise cause of the loss of the mule, it was responsible for the value of the same as fixed by the stipulation in the bill of lading.
The waivers set forth in the bill of lading are not referred to in the opinion of the Court of Appeal, and counsel for the defendant contend that these waivers have an important beating on the determination of this case.
The bill of lading-was signed by the station agent and J. D: Simms as owner and shipper, and recites • that ■ in consideration of the reduced rate of $100 $er car and a free passage to the owner or his agent:
*271 “The said owners do hereby assume (and release the said railroad companies from) all risk of injury, loss, and damage, or depreciation, which the animals, or either of them, may suffer in consequence of either of them being weak, or escaping, or injuring themselves or each other, or in consequence of overloading, heat, suffocation, fright, or viciousness, or of being injured by fire or the burning of any material while in possession of the companies, and from all other damages incidental to railroad transportation which shall not have been caused by the fraud or gross negligence of said railroad companies.”-
It was further stipulated that, should damage occur for which the companies may be liable, the value at the date and plate of shipment shall govern the settlement, on which the amount claimed shall not exceed $100 for each mule.
The petitioh alleges that by the “gross negligence and lack of care on the part of said railroad company,- its agents and employes, .'in the handling of said car between Meridian, Miss., and New Orleans, La., a certain bay mare mule, of the value of $235, loaded in said car, was jammed, mashed, and injured to such an extent that said mule arrived in New Orleans bleeding from the lungs, and died after being unloaded,” etc.
Plaintiffs failed to prove the allegations of their petition as to the negligence of the defendant or as to the cause of the injury. The affirmative undisputed evidence is that the train and ear were properly handled by the employgs of the defendant company.
1 The evidence shows that the mule, immediately after delivery, was found to be weak ¡and bleeding at the mouth. The animal died within the following 24 hours, and after her death was examined by a veterinary surgeon, who was of the opinion that the mule had received some physical hurt which had caused the bleeding. There was no external sign of injury, and the examination disclosed no particular cause for the mule’s bad condition, which the surgeon said might have resulted from a kick. Assuming that the animal was hurt in some unexplained way between Meridian' and New Orleans, is the defendant liable under the bill of lading for the stipulated value? The Court of Appeal held the defendant is liable because the company failed to prove the precise cause of the injury, citing the Lehman, Stern & Co. Case, supra. In that case there was no waiver of the statutory liability of the common carrier for the destruction of the cotton by fire. In the absence of evidence showing the origin of the fire, the court held that it was not shown that the loss of the cotton was occasioned by “an accidental and uncontrollable event,” in the sense of article 2754, Rev. Civ. Code.
In the case at bar there is no question of a fortuitous event, but the inquiry is whether the damage complained of falls within any of the excepted risks. The nature and cause of the injury to the animal is alleged in'the petition, and the'plaintiffs seek to hold the defendant liable on the ground of negligence in the handling of the car. The affirmative uncontradicted evidence shows that the car was properly handled by the defendant, and the plaintiffs have failed to prove that the mule was jammed and mashed as alleged. An examination of the animal showed no external bruise or wound, and that she was hurt while in transit on defendant’s line is a matter of inference. The veterinary surgeon reasoned from the premise that the mule did not die from pneumonia, and therefore infers that she might have sustained some physical hurt which produced lesion of the lungs. He does not explain how the animal could have been injured internally without leaving some external signs, beyond the suggestion that she might have been kicked by one of the other mules.
As the waiver covers ,all risks incidental to the transportation of a ear load of mules, proof of the nonnegligence- of the carrier seems to us to be a sufficient defense. Under the waiver, the shipment was at the ship *273 per’s risk, barring the negligence of the carrier.
The precise cause of the injury is immaterial, if it Aid not result from the negligence of the carrier. Our learned Brothers of the Court of Appeal did not consider the legal effect of the contractual waiver, which exempted the carrier from all damages not caused by the negligence of the company. This was error.
The contention that the waiver was void for want of consideration is without merit, as the contract recites and the evidence shows that the consideration was a reduced rate of freight and a free passage for the shipper.
It is therefore ordered that the judgments appealed from be reversed, and it is now ordered that plaintiffs’ suit be dismissed and that they pay all costs here and below.