No. 6298.

## W. H. HODGES vs. ILLINOIS CENTRAL R. R. CO.

### Syllabus.

Plaintiff by declaring upon a contract without objection or reser
vation affirms it in all parts and cannot afterwards repu-
diate it by mere suggestion and without notice to defendant
or opportunity given to show its validity and binding force.

Appeal from the Civil District Court for the Parish of
Orleans, Division "A," No. 105,695. Honorable T. C. W.
Ellis, Judge.

Prowell & Prowell, for plaintiff and appellant.

Lemle, Jones & Moreno, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and
decree of the Court, as follows:

Plaintiff claims the value of five head of cattle, part of
a carload shipped from the City of New Orleans to East
St. Louis, Illinois, the cattle having died in transit.

Plaintiff declares upon the bill of lading, without ex-
ception or reservation whatever, which bill of lading pro-
vides that the carrier shall not be liable for any loss or
damage however caused not resulting from its own negli-
gence.

The petition charges that the cattle were in good condi-
tion when loaded and so secured as to prevent injury and
damage to each other; that the five head of cattle were
lost through the unreasonable delay and negligence of the
defendant.

Defendant admits the bill of lading and the shipment;
but denies that the cattle were in good condition, or that
they were so secured as to prevent injury or damage to
each other, and denies any negligence or undue delay on
its part in handling the cattle.

— 216 —

Upon the issues thus made up the case went to trial, and from a judgment against him the plaintiff appeals.

Before this Court the plaintiff seeks to hold the defendant upon its "common law" or general liability as quasi insurer.

But this he cannot do. By declaring upon the contract without objection or reservation he affirmed it in all its parts and he cannot now repudiate it by mere suggestion and without notice to defendant or opporunity given to show its validity and binding force.

In the **Truxillo case, 7 Court of Appeal, p. 18,** the plaintiff had declared upon the defendants' general liability, and it was the defendant who set up the contract (see p. 22). In the **Simms case, 122 La., 268,** the plaintiff declared upon the contract, but specially set up the invalidity of certain clauses therein (see p. 269).

In both these cases the defendant had therefore an opportunity to affirm and show the binding force of the contract, and did so. But in the case at bar no such opportunity was given the defendant; there was no occasion for it to affirm and show the binding force of the contract when such was not denied, or seek to meet any other issue than the alleged negligence relied upon by plaintiff.

However liberal our pleadings may be, there must at least be this limit, that the defendant should know the issues he is expected to meet and be given some opportunity to do so.

We are therefore of opinion that plaintiff cannot recover herein except by reason of defendant's negligence if any.

On that issue we adhere to the ruling in the **Truxillo case (supra)** that the burden of proof is on the defendant to show freedom from negligence.

— 217 —

But we think that the defendant has fairly sustained that burden.

It is admitted by plaintiff himself (letter to Hensley June 26, 1914) that the cattle were "canners," that is to say an inferior grade of cattle. The broker who sold them, Hensley, testified that they were "in bad condition," and the market report shows that they weighed 20 per cent below the average and the price they brought was the lowest on the day of sale (Stock Reporter, October 23rd, 1912).

The conductors, trainmen and stock tenders who handled the shipment, all testify that the shipment was handled as carefully and expeditiously as possible; that the cows were in bad condition and "poor," that is, thin; and that four great "passionate" oxen were loose among them, instead of being tied, which in their opinion is sufficient to account for the death of the five cows.

On the whole we do not think there was any negligence on the part of the defendant, and the judgment appealed from seems correct.

Opinion and decree, February 17th, 1915.

Rehearing refused, March 15th, 1915.