By the WHOLE COURT.
ST. PAUL, J.
I think the writ should be denied.
The decision of the Court of Appeal in this case is not in conflict with the decision of this court in McHenry Horse Exchange v. Illinois Central R. R. Co., 148 La. 49, 86 South. 649.
Certainly the bill of lading is binding (within limits) between the carrier on one side, and the shipper (and consignee) on the other.
But that presupposes that the provisions thereof relied upon by either party must be lawful. For instance, the shipper cannot invoke a provision calling for a freight rate lower than that fixed by the published tariff. On the other hand the carrier cannot rely upon a condition by which the shipper is required to assume the risk of the carrier’s own negligence, or by which the burden of proof is shifted from the carrier to the shipper; nor can the carrier impose on the shipper any other unreasonable condition.
A clause in a bill of lading, requiring the shipper to inspect the carrier’s own equipment, and assume the risk of defects therein, is open to all three objections.
(1) It requires the shipper to assume a risk arising from the carrier’s own negligence in failing to inspect and keep in proper condition its own equipment.
(2) It shrewdly shifts the burden of proof from the carrier to the shipper, by requiring (in effect) that the latter should first show the good condition of the carrier’s equipment at the start, before the carrier can be required to account for the manner in which the shipment was handled in transit. And
' (3) It requires that an unskilled person should make, and assume the risk of, an inspection which only an expert can make; and which the public safety demands should be made only 'by some one well skilled in the premises.
The writ should therefore be refused.
Writ refused for reasons assigned.
BRUNOT and LECHE, JJ., recused.