**AUTOMOBILE UNDERWRITERS OF AMERICA v. LANGHLIN (INC.)**

---

(May 9, 1927. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Warehouses . and Warehouse Receipts—Par. 6.**

A contract for storage of automobile at owner's risk will be maintained where the owner assumed the risk on account of the lower rate and the garage keeper used the same diligence as he used for his own cars.

Appeal from First City Court, Division "A". Hon. W. V. Seeber, Judge.

Action by Automobile Underwriters of America against Joseph Langhlin, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

St. Clair Adams, Leslie Moses, of New Orleans, attorneys for plaintiff, appellant.

J. T. Conery, of New Orleans, attorney for defendant, appellee.

JONES, J.   This is a suit by plaintiff as subrogee of insured for one hundred thirty-one and 40-100 ($131.40) dollars, the amount of a bill for repairs to the automobile of Jacob Winsberg, which had been surreptitiously taken from defendant's garage.

Defendant admitted the storage, the taking and the damages, but denied liability on the ground that plaintiff stored his car at his own risk.

There was judgment for defendant and plaintiff has appealed.

The evidence shows that Winsberg signed the following contract when he left his car at defendant's garage on the night of September 18, 1926:

"I hereby agree to store my automobile when not in use in the garage of Joseph Langhlin at 4500 Magazine Street at my own risk."

Plaintiff argues that the contract is invalid because a bailee can't contract against his own negligence and the burden of proof rests on the bailee to show due care where loss and damage have been established.

The evidence shows that defendant, who was in the undertaking business and did not operate a public garage, required all persons leaving their cars in his place to sign the above contract; that he only charged five ($5.00) dollars per month while the public garages in the neighbor-

hood charge seven and 50-100 ($7.50) dollars per month. Plaintiff admits that he selected this garage because the price was lower, although he saw signs around the place reading: "Cars left here at owner's risk."

The evidence also shows that the defendant was keeping about eight of his own cars and about ten cars of outsiders on the night plaintiff's car was taken; that a couple lived on the place and someone was always in the office until the gate was closed; that the front gate was left open until midnight when the gate was closed and no one could enter; that the gate was not forced open the night the car was taken, but thieves got in before the gate was closed.

In support of his contention, plaintiff cites the case of William vs. Weil Co., 1 La. App. 188. In this case the Court, though it dismissed the suit on the merits said in the course of the opinion, the notice "cars and contents stored at owner's risk" posted in a garage does not exempt the owner from liability for his lack of care and prudence. In that decision the above statement was not material, because the court found that plaintiff had turned his car over to a colored boy, an employee of the garage at his residence, some blocks away and there was no proof that the car had been stored in the garage before it was damaged.

Furthermore, the facts in that case differ materially from those outlined above, because there was no consideration for diminution of liability and no proof that the bailee had signed a contract especially assuming the risk.

Plaintiff then quotes several cases where the courts have held that common carriers can not so limit their responsibility as not to be liable for their own negligence.

The principle that common carriers are held to a higher degree of care when acting as such than when acting as warehousemen is so deeply imbedded in our law that it is unnecessary to cite authorities.

Furthermore, it has been repeatedly held by the Supreme Court of the United States and by our own Supreme Court that a common carrier may limit its liability where the shipper pays a lower rate in consideration of this reduction in value.

On this point see:

Hart vs. Pennsylvania Railroad Co., 112 U. S. 331;

Adams Express Co. vs. Croninger, 226 U. S. 491;

J. D. Simms and Sons vs. New Orleans & N. E. R. R. Co., 122 La. 268, 47 So. 602;

Higgins vs. N. O., M. & C. R. Co., 28 La. Ann 133.

In the last cited case the plaintiff was injured while riding, free of charge, under a contract by which he assumed all the risks of injury to his person or property and the Supreme Court, in dismissing his suit for damages said:

"All contracts may be made except those reprobated by law or public policy; and a contract by which one stipulates for exemption from responsibility for losses occasioned to another from the negligence of his agents or servants is not against public policy or forbidden by law; but if the losses resulted from the fraudulent, willful or recplesi mis conduct of the agent or employee, it would be."

In the case of Marks vs. New Orleans Cold Storage Co., 107 La. 174, 31 So. 671, the Supreme Court said—"We understand that the defendant can limit its liability and those who sign the limited clause will be bound by its terms."

In the case of Pecoraro vs. Graffato, No. 10,385 of the docket of this court, decided on February 14, 1927, it was held that a lessor could lawfully stipulate against his responsibility for damages caused by any vice or defect of the leased property.

The standard of care required of bailee is set forth. Article 2937 of the Civil Code provides as follows:

"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."

Certainly the defendant in this case has measured up to this standard as the evidence quoted above shows that his eight cars were in the same garage all the time.

A careful consideration of the record convinces us that the contract was valid and the defendant has furnished the necessary evidence to meet all requirements as to burden of proof.

For above reasons the judgment is affirmed.