JOSEPH CHALONA CO. v. AMERICAN RAILWAY EXPRESS CO.

___

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

___

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno and Lemle, and A. M. Hartung and Hunter C. Leake, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues defendant for $776.83, alleged to be the loss sustained as a result of deterioration in a carload of cantaloupes shipped from Brawley, California, to New Orleans, during the early part of June, 1922.

It is alleged that the amount of the loss is arrived at in the following manner:

Cost of cantaloupes, F. O. B. Brawley _____$2,139.00
Express charges, including icing, etc. _____ 1,020.09

Total cost to plaintiff_____$3,159.09

Net salvage from sale of cantaloupes _____$ 776.83

It is claimed that the deterioration resulted in general from improper handling and particularly from inadequate icing of the shipment by defendant express company.

Defendant admits that the shipment was made and that, upon delivery in New Orleans, the cantaloupes were found to be in a damaged condition, but contends that it has fully sustained the burden of proving that it was not negligent, and that the loss resulted from the inherent perishable nature of the articles shipped.

There is no dispute as to the law applicable. The shipment was made under a contract which relieved the defendant from liability for loss under certain circumstances.

The pertinent part of the contract reads as follows:

"4. Unless caused in whole or in part by its own negligence or that of its agents, the Company shall not be liable for loss, damage, or delay caused by—
* * *

"(b) The nature of the property, or defect, or inherent vice therein. * * *"

Such a limitation of liability or exemption from liability has been held to be constitutional and valid:

J. D. Simms & Son vs. N. O. & N. E. R. Co., 122 La. 268, 47 So. 602.

McHenry Horse Exchange vs. Illinois Central R. Co., 148 La. 49, 86 So. 649.

Adams Express Co. vs. Croninger, 226 U. S. 491.

Union Pac. R. Co. vs. Burke, 255 U. S. 317, 321.

American Railway Express Co. vs. Lindenburg, 260 U. S. 584.

This limitation, however, does not relieve the defendant of the obligation of proving that the cause of the loss was one of the things within the limitation.

It will be seen, then, that the carrier is called on to furnish affirmative proof showing all essential matters with reference to the handling of the car.

That the car was in good physical condition is conclusively shown and is not disputed.

That the time consumed in transporting the car from point of origin to destination was unusually short, is conceded. In fact the car was moved from California to New Orleans in less than four days, or almost as fast as a passenger train.

The sole remaining question, and the most important one, is whether or not the car was kept properly iced throughout the journey. Defendant offers a mass of evidence from every point, between the two terminii, at which the car was stopped for icing to show that the ice bunkers were replenished ten times en route, after the initial icing, and twice more after arrival in New Orleans and before consignee accepted delivery.

A study of these icing records shows that at no time was the ice supply allowed to shrink to below four-fifths of the total capacity of the car and that in every case of replenishing the bunkers were refilled to their full capacity.

Plaintiff contends that these icing records show such inconsistencies as to warrant our disbelieving them. For instance, we are told that because, during one 24-hour trip, half of which was of course in the day time, only 2400 pounds of ice were required to refill the bunkers, we should brand as false the testimony that during a night trip of 4½ hours 1800 pounds of ice melted and had to be replaced.

We cannot see such abnormalities or inconsistencies in this testimony as would warrant us in disregarding it. Weather conditions, wind conditions, conditions of humidity—all of these things might affect meltage; and to accept plaintiff's theory that ice should always melt at a uniform rate, or that the carrier should be called upon for an explanation, would place an undue and unwarranted burden on the carrier. All that should be required of it is that it should keep accurate records and should be able to show by these records, or by other evidence, that the bunkers were kept in a well-iced condition throughout the journey. We are of the opinion that the defendant has shown this in this case.

The testimony of the shippers is to the effect that the cantaloupes, when loaded, were in an unusually good condition, and should have had no difficulty in withstanding the rigors of such a journey if the car had been properly iced. The only weakness which we find in this evidence is that, almost immediately after it was discovered that the cantaloupes had arrived in a deteriorated condition, the shippers agreed to reduce the price by the substantial sum of $438.00. It is true that when they received the first telegram, advising them of the loss, they denied all responsibility therefor and claimed that it was due to bad icing on the part of the defendant, but almost immediately thereafter they of-

fered to stand a part of the loss, and did, in fact, reduce the price of the cantaloupes as we have stated. We cannot but attach significance to this fact. It may be true, as is contended, that this reduction was made purely as a matter of business friendship, but it entailed a very substantial loss to the shippers and we cannot eliminate it from our consideration.

Our attention is called to Bonura & Co. vs. Payne, Director General, etc., 7 La. App. 754, a case very similar to the one before us and in the syllabus of which we said:

"In an action against a carrier for damage to cantaloupes which were shipped in good order and arrived at destination over-ripe and soft, burden of proof is on carrier to show that loss occurred without his fault, and proof that car was iced at all the usual places and that it was as promptly handled as possible under the circumstances is not sufficient, where the carrier admits that 'one crate had been robbed' when car was opened at destination."

We see nothing inconsistent therein with the views which we now express. On the contrary, we reiterate the doctrine which we therein announced. The weakness in the carrier's defense there was the proof that the car had been broken into and that, as a result thereof, in all probability warm air had been admitted into the car. In that case, in the opinion, we said:

"In this case there is one outstanding fact which the defendant has entirely failed to explain, namely the 'robbed crate.' for the doors of the car must have been opened if robbers removed the crate and the evidence shows that the opening of the car doors and the admission of warm air inevitably tends to over-ripen the fruit. The natural and usual presumption from proof of prompt handling and the customary re-icing of such cars is rebutted in this instance by the unavoidable conclusion that somewhere en route the doors of the car were opened."

It was the carrier's duty to protect the car against pilferage and against the admission of warm air. Having failed in that duty, it was liable for the resulting loss.

Nor do we find our decision in Guidry vs. Texas & Pac. Ry. Co., 6 La. App. 169, irreconcilable with our present views.

There the icing records were affirmatively contradicted by the fact that, when the car was opened, it was found to be warm inside. In fact, as we said in that case:

"Their (defendant's employes) testimony is confronted by the contradiction of witnesses who opened the car in Chicago and by the stern fact that when the car was opened at Chicago the bunkers were only partly filled with ice, the air within the car was warm, and the vegetables were heated and spoiled."

No such contradiction exists here.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of defendant, the American Railway Express Company and against plaintiff, Joseph Chalona Company, dismissing plaintiff's suit at its costs.